UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG REED,<br><br>        Plaintiff,<br><br>   v.<br><br>SERGEANT HINSHAW, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00340-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE A THIRD AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM IDENTIFIED HEREIN |

Plaintiff Craig Reed is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed March 5, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Sergeant S. Hinshaw. Lieutenant B. Odle, Lieutenant J. Gallagher, and officer H. Johnson as Defendants in this action.

Plaintiff is physically disabled and requires the use of a wheelchair. Plaintiff contends that retaliatory acts coupled with constant civil rights violations took place by defendants over a period of twenty-three months as a result of Plaintiff and his family filing complaints against the defendants for their misconduct. Plaintiff sets forth his allegations in chronological order beginning on October 8, 2004, through February 15, 2006. The Court will briefly summarize Plaintiff's general complaints and will analyze the cognizability of such claims in the sections below.

On October 8, 2004, Plaintiff requested to speak to a control booth officer regarding the failure to acknowledge his ADA medical shower chrono.

On October 10, 2004, Plaintiff was summoned to the program office to see Sergeant Curtiss and officer Boncore. Sergeant Curtiss threatened to issue a counseling chrono against Plaintiff if he and his family did not stop their complaints.

On October 11, 2004, Plaintiff filed an ADA medical accommodation appeal. On October 16, 2004, Sergeant Curtiss had Plaintiff moved out of his ADA cell into a segregated housing unit in order to discourage him from seeking further redress through the grievance system. On this same day, Plaintiff filed a grievance against officer Boncore for the failure to comply with his ADA medical chrono. Officer Boncore started a rumor among prison inmates and staff that the reason Plaintiff left the building so abruptly was because he was a rat and snitch which placed Plaintiff's safety and liberty at risk. The allegations by Sergeant Curtiss and officer Boncore were a direct result of Plaintiff filing an ADA medical appeal.

On November 4, 2004, Sergeant J. Gallagher investigated the ADA medical appeal and entered invalid information in the record. On November 10, 2004, Plaintiff filed a grievance against Sergeant Curtiss and officers Padilla and Boncore for the continuous harassment and retaliation.

On December 8, 2004, acting appeals coordinator, S. Smith, screened out Plaintiff's grievance filed against officer Boncore on October 16, 2004, for spreading rumors in an effort to induce an assault against Plaintiff.

On December 12, 2004, Sergeant Hinshaw denied Plaintiff's grievance against Sergeant Curtiss and officers Padilla and Boncore. On the next day, out of retaliatory animus Plaintiff was again moved from his ADA cell to a segregated housing unit. Plaintiff contends the move was another tactic to discourage the filing of future grievances.

On December 14, 2004, Plaintiff was issued two counseling chronos by officer J. Torres which ultimately resulted in issuance of a serious rules violation report. On this same day, Plaintiff filed a grievance against officer Torres.

On January 1, 2005, Sergeant Hinshaw was assigned to investigate and respond to Plaintiff's staff complaint against officer Torres which had been mis-categorized as a disciplinary issue. Sergeant Hinshaw dismissed the action and never addressed the threats and actions of officer J. Torres.

1    On January 14, 2005, Plaintiff's staff complaint against Lieutenant Gallagher for falsifying his
2    appeal was screened out by S. Smith.
3    On January 22, 2005, officer H. Johnson filed a false rules violation report which placed
4    Plaintiff's life in danger because he started a rumor that he was a child molester.  Officer Johnson also
5    issued a false rules violation report in retaliation claim that Plaintiff masturbated in front of her.
6    On January 28, 2005, Plaintiff was moved back to the ADA cell which remained unoccupied
7    for the complete 46 days following his retaliatory transfer to segregated housing.
8    On February 15, 2005, appeals coordinator Hall responded at the second level of review as to
9    the grievance filed against J. Torres on December 14, 2004.  R. M. Hall circumvented the complaint
10   by categorizing and responding to it as a disciplinary issue.
11   On March 3, 2005, Plaintiff's family filed a complaint against Sergeant J. Gallagher for
12   falsifying his appeal response.
13   On March 28, 2005, Plaintiff's filed a complaint against Boncore for spreading false rumors
14   among prisoners and staff that Plaintiff was a rat and/or snitch in an effort to place Plaintiff's safety at
15   risk.
16   On April 6, 2005, Plaintiff's family filed a complaint against R.M. Hall for intentionally mis-
17   categorizing Plaintiff's grievances.
18   On April 9, 2005, Lieutenant Odle interviewed Plaintiff regarding his family's complaints.  On
19   April 13, 2005, Lieutenant Odle stated in written response, "in your complaint, you alleged that Sgt. J.
20   Gallagher falsified a legal document when he stated he interviewed Reed regarding an appeal and the
21   interview never occurred."
22   On May 6, 2005, Captain C.L. Cooper, ordered the grievance against officer J. Torres to be
23   reheard and categorized as a staff misconduct complaint.
24   On May 18, 2005, Sergeant Hinshaw issued a serious rules violation report for filing a false
25   report.
26   After two postponements of the rules violation hearing, a hearing was held on June 28, 2005,
27   by Lieutenant Odle who stated in part, "this SHO has considered all the evidence presented and found
28   the investigation clearly showed Reed filed a false report.  The testimony of and rule violation report

1  by Sgt. S. Hinshaw has substantiated the charge.  Specifically, the evidence shows that the investigator
2  found the allegations to be false and Reed knowingly made at least one false claim of harassment,
3  which he later contradicted."
4       Plaintiff contends that Lieutenant Odle was a biased decision maker and there was no evidence
5  to support the decision.
6       On September 14, 2005, Plaintiff filed a staff complaint against Sergeant Hinshaw to refute the
7  fraudulent rules violation report and requested that his actions be referred to the District Attorney's
8  office.
9       On October 12, 2005, Plaintiff filed a staff complaint against Sergeant Curtiss for falsifying
10 documents.
11      On October 17, 2005, Plaintiff filed a staff complaint against S. Smith for her continuous abuse
12 and misuse of her position of trust to suppress any grievance that contained an allegation of staff
13 misconduct.
14      On January 23, 2006, Plaintiff was taken out of his ADA cell and placed in segregated
15 housing and when the escorting officer passed officer Johnson she shouted, "it's not my fault you['re]
16 a child molester."  On this same day, officer J. Torres falsified a counseling chrono that indicated he
17 was directed to assist officer Johnson in inventorying Plaintiff's personal property.  Plaintiff contends
18 that officer Torres did not properly complete and sign the necessary documentation regarding his
19 personal property.
20      On January 30, 2006, Plaintiff filed an inmate appeal against officers Johnson and Torres for
21 illegally confiscating his personal property which was never returned to him.
22      On February 15, 2006, Plaintiff appeared before Lieutenant J. Gallagher for a hearing on the
23 rules violation issued by officer Johnson for indecent exposure.  At one point, Lieutenant Gallagher
24 told Plaintiff that he was "going to enjoy hearing this Rule Violation Report."  Gallagher further stated
25 "you are my enemy.  You don't like white people."  Plaintiff contends Lieutenant Gallagher was
26 biased and found his guilty of the rules violation without supporting evidence.
27 ///
28 ///

# III.

# DISCUSSION

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable claim for retaliation in violation of the First Amendment against Defendants Sergeant Hinshaw and officer Johnson.

### B. Due Process-Rules Violation Report

Plaintiff contends that he was rules violation reports were issued falsely in retaliation for filing grievances, and he was not afforded proper due process at such hearings including, an unbiased decision maker, ability to call witnesses, and lack of sufficient evidence to support the finding of guilt.

With respect to disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised by way of petition for writ of habeas corpus and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

///

Plaintiff does not indicate whether he suffered a credit loss as a result of the rules violation. Accordingly, the Court cannot determine whether Plaintiff may proceed by way of § 1983 for alleged due process violations at his rules violations hearing conducted by Lieutenants Odle and Gallagher, and the claim is not cognizable.

### C.  Due Process-Confiscation of Personal Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533. California provides such a remedy. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994) (per curiam). Authorized deprivations or property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, Plaintiff's allegations allege an unauthorized intentional or negligent deprivation of his property by defendant Johnson. Such unauthorized deprivation is not actionable under the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### D.  Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

The majority of Plaintiff's claims stem from the processing and handling of his inmate grievances and complaints. However, as Plaintiff was advised in the Court's January 8, 2014, order, Plaintiff cannot proceed on a claim of denial of due process regarding the handling and/or resolution of his inmate appeals. Accordingly, Plaintiff fails to state a cognizable claim.

### E.  Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges only that he was taken out of ADA cell and placed in a segregated housing unit. Plaintiff fails to provide any details, and the Court cannot assume, regarding the housing conditions in the segregated housing unit and to what extent his medical needs were or were not meet during such placement. Without such factual support, Plaintiff has not provided any basis to find that any of the named defendants were deliberately indifferent to a serious medical need. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### F.  Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.

1  Title II applies to the services, programs, and activities provided for inmates by jails and prisons.
2  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons
3  v. Navajo County, 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. County of Orange, 526 F.3d
4  1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show
5  that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or
6  otherwise discriminated against with regard to a public entity's services, programs, or activities; and
7  (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d
8  1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d
9  1259, 1265 (9th Cir. 2004).

10  Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from
11  or discriminated against with regard to services, programs, or activities at Corcoran State Prison by
12  reason of his disability. To the contrary, the incidents giving rise to this lawsuit appear related solely
13  to the medical need or lack thereof concerning his housing placement. Rather, Plaintiff's allegations
14  stem from his belief that defendants were discriminating against him in retaliation for filing
15  grievances. Furthermore, Plaintiff has provided no factual support to demonstrate that any alleged
16  benefit of housing services necessary to accommodate his disability was due to his disability or that
17  any harm was caused as a result. See Weinreich v. Los Angeles County Metropolitan Transp.
18  Authority, 114 F.3d 976, 979 (9th Cir. 1997). The Court also notes that individual capacity suits
19  against individual prison employees in their personal capacities are precluded under the ADA. See,
20  e.g., Heinke v. County of Tehama Sheriff's Dept., No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407,
21  at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at
22  *6 (E.D. Cal. Dec. 13, 2012); Mosier v. California Dept. of Corr. & Rehab., No. 1:11-CV-01034-MJS
23  (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); Roundtree v. Adams, No. 1:01-CV-06502
24  OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128
25  F.Supp.2d 684, 691 (D. Haw. 2000)). Accordingly, Plaintiff fails to state a cognizable claim for relief.
26  ///
27  ///
28  ///

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Hinshaw and Johnson for retaliation in violation of the First Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for retaliation against Defendants Hinshaw and Johnson, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Hinshaw and Johnson for retaliation; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 16, 2014**

UNITED STATES MAGISTRATE JUDGE