UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG REED,<br><br>          Plaintiff,<br><br>     v.<br><br>SERGEANT HINSHAW, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-00340-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 32] |

Plaintiff Craig Reed is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

This action is proceeding on Plaintiff's second amended complaint, filed June 16, 2014, on his claim of retaliation in violation of the First Amendment against Defendants Hinshaw and Johnson.

On November 18, 2014, Defendants filed a motion to dismiss the second amended complaint as barred by the applicable statute of limitations. (ECF No. 32.) Plaintiff filed an opposition on January 16, 2015, and Defendants filed a reply on January 20, 2015. (ECF Nos. 35, 36.)

///

///

///

## II.

## DISCUSSION

### A. Second Amended Complaint Allegations

Plaintiff alleges that on May 18, 2005, Defendant Hinshaw issued a falsified rules violation report charging Plaintiff with filing a false report. Plaintiff contends Defendant Hinshaw issued the fraudulent rules violation report in retaliation, which did not advance a legitimate penological interest but was intended to chill him from filing grievances.

Plaintiff further alleges that Defendant Johnson issued a rules violation report falsely claiming that he masturbated in front of her and charged him with indecent exposure. Plaintiff alleges that Johnson issued the report in retaliation.

### B. Legal Standard for Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. Ritchie, 342 F.3d at 908; see also Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation

Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

### C.   Applicable Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either

1  imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction
2  benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

3  In addition, California's equitable tolling doctrine "applies when an injured person has several
4  legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley
5  Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks
6  omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine
7  designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the
8  purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been
9  satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of
10 administrative remedies equitably tolls the statute of limitations so long as there was timely notice,
11 lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at
12 101-03.

13 **D.     Analysis**

14 As stated above, Plaintiff alleges that Defendants Hinshaw and Johnson violated his First
15 Amendment rights by charging him with prison rules violations in retaliation for his submitting
16 grievances against other prison staff members.

17 "Prisoners have a First Amendment right to file grievances against prison officials and to be
18 free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing
19 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the
20 right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d
21 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation
22 entails five basic elements: (1) An assertion that a state actor took some adverse action against an
23 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
24 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
25 legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The injury
26 element of a retaliation claim is the adverse action. In this instance, the adverse action Plaintiff alleges
27 are the rules violation reports issued against him by Defendants Hinshaw and Johnson charging him
28

with filing false reports and indecent exposure. Plaintiff's retaliation claims thus accrued when he became aware that Defendants issued the allegedly retaliatory rules violation reports.

### 1. Accrual of Statute of Limitations

As previously stated, Plaintiff alleges that Defendant Hinshaw issued a retaliatory rules violation report against him on May 18, 2005, charging him with filing a false report. The issuance of the rules violation report by Hinshaw placed Plaintiff on notice that Hinshaw was charging him with a rules violation, and Plaintiff's retaliation claim against Hinshaw accrued on that date.

As to Defendant Johnson, Plaintiff alleges that Johnson issued a retaliatory rules violation report against him charging him with indecent exposure. (ECF No. 18, 2nd Amd. Compl. at 13-15.) Plaintiff does not provide the date the rules violation was issued, but indicates that on February 15, 206, a hearing on Defendant Johnson's charge of indecent exposure was held before Lieutenant J. Gallagher. (Id. at 16.) Exhibit B attached to Plaintiff's original complaint, identifies the date of the rules violation report as January 22, 2006. (ECF No. 1, Compl. at 31.) Accordingly, Plaintiff's retaliation claim against Defendant Johnson accrued on January 22, 2006.

Thus, Plaintiff's claims accrued on May 18, 2005, and January 22, 2006, and Plaintiff's instant action filed under the mailbox rule on February 22, 2011, is untimely.

### 2. Tolling Provision for Inmates

California tools its limitations periods for two years where the person bringing the action is imprisoned on criminal charges. Cal. Code Civ. Proc., § 352.1. In this instance, extending the personal injury limitations period from two years to four years, does not aid Plaintiff is rendering his claims timely filed. With the benefit of four years, Plaintiff's claim against Defendant Hinshaw would have been timely if filed by May 18, 2009. Adding four years to Plaintiff claim against Defendant Johnson, it would have been timely if filed by January 22, 2010. However, Plaintiff did not initiate the instant action until February 22, 2011.

### 3. Tolling During Exhaustion of Administrative Remedies

The applicable limitations period must be tolled while a prisoner completes the mandatory exhaustion requirement. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The California Department of Corrections and Rehabilitation (CDCR) has an administrative appeals system for

1  inmate grievances. Cal. Code Regs., tit. 15, § 3084.1(a). There are three levels of review within the
2  CDCR administrative appeals system, and absent a satisfactory appeal at a lower level, the third level
3  of review constitutes the final level of review for exhaustion purposes. Id. at §§ 3084.1(b), 3084.7.

4       Exhibits A and B attached to Plaintiff's original complaint filed in this case (Compl., ECF No.
5  1) demonstrate that Plaintiff utilized the appeals process regarding the allegedly retaliatory rules
6  violation reports issued by Defendants Hinshaw and Johnson. The third-level decision concerning the
7  rules violation report issued by Defendant Hinshaw was rendered on March 17, 2006. (Compl. Ex.
8  A.) Adding the two-year personal injury limitations period plus two years of tolling for incarceration,
9  Plaintiff had until March 17, 2010, to file his retaliation claim against Defendant Hinshaw.

10      With regard to Defendant Johnson, the third-level appeal decision concerning the rules
11 violation report issued by Johnson was rendered on November 30, 2006. (Compl. Ex. B.) Adding the
12 two-year personal injury limitations period plus two years of tolling for incarceration, Plaintiff had
13 until November 30, 2010, to bring his retaliation claim against Johnson.

14      Because, even with the benefit of the mailbox rule, Plaintiff did not file the instant complaint
15 until February 22, 2011, and his retaliation claims against Defendants Hinshaw and Johnson are barred
16 by the statute of limitations.

17      Plaintiff's contention in his opposition that based on the retaliatory nature of his claims, he is
18 not required to satisfy the favorable termination requirement set forth in Heck v. Humphrey, 512 U.S.
19 477 (1994), is inapposite. Under Heck, a plaintiff cannot "recover damages for [an] allegedly
20 unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness
21 would render a conviction or sentence invalid" unless the conviction has been reversed, expunged, or
22 declared invalid. 512 U.S. at 486-487. Plaintiff appears to argue that because his claim has merit, it
23 cannot be barred from review. However, having a just claim does not excuse failure to file within the
24 limitations period. Order of R.R. Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 349
25 (1944); see also Baldwin County Welcome Cir. V. Brown, 466 U.S. 147, 152 (1984) (dismissing
26 action as untimely and noting that "[p]rocedural requirements established by Congress for gaining
27 access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular
28 litigants."). Furthermore, Plaintiff fails to acknowledge and address the argument relating to the

6

statute of limitations bar. Accordingly, Defendants' motion to dismiss the action as time-barred should be granted.

### III.
### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the action as time-barred be GRANTED; and
2. The instant action be dismissed in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE